# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LUXOTTICA GROUP S.p.A. and OAKLEY, INC., | ) ) ) Case No. 16-cv-05314 |
| Plaintiffs, | ) ) **Judge Robert M. Dow, Jr.** |
| v. | ) ) **Magistrate Judge Sheila Finnegan** |
| LIGHT IN THE BOX LIMITED, | ) ) ) |
| Defendant. | ) ) |

## STIPULATED FINAL ORDER FOR
## CONSENT JUDGMENT, PERMANENT INJUNCTION, AND DISMISSAL

WHEREAS, Plaintiffs Luxottica Group S.p.A. and Oakley, Inc. ("Plaintiffs") and Defendant Light In The Box Limited ("Defendant") have agreed to Magistrate Judge Finnegan's settlement recommendation, reached a binding settlement agreement, and exchanged settlement documents pursuant to the Court's November 9, 2017 Order [223]; and

WHEREAS, pursuant to that settlement agreement, the parties have agreed to convert the Court's Preliminary Injunction Order [119 at 23] into a Stipulated Final Order for Permanent Injunction.

IT IS HEREBY STIPULATED AND AGREED by the parties, through their undersigned counsel, that, subject to the Court's approval:

1. Plaintiffs own the following U.S. trademark registrations ("Plaintiffs' Trademarks") for the goods listed below ("Covered Products"):

1

| Registration Number | Trademark | Goods |
|---|---|---|
| 650,499 | *Ray-Ban* (stylized) | For: Sunglasses, shooting glasses, and ophthalmic lenses in class 9. |
| 1,080,886 | RAY-BAN | For: Ophthalmic products and accessories, namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, and spectacles in class 9. |
| 1,093,658 | *Ray-Ban* (stylized) | For: Ophthalmic products and accessories, namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles; and cases and other protective covers for sunglasses, eyeglasses, and spectacles in class 9. |
| 1,521,599 | OAKLEY | For: Sunglasses and accessories for sunglasses, namely, replacement lenses, ear stems and nose pieces in class 9. |
| 3,153,943 | OAKLEY | For: Prescription eyewear, namely, sunglasses and spectacles; eyewear containing electronics devices, namely, protective eyewear, eyeglasses, sunglasses and spectacles; communication devices for use on eyewear, namely earpieces, transmitters, receivers, speakers and parts thereof for use with cellular, wireless computer and telephone communication systems; wearable audio visual display, namely, protective eyewear, eyeglasses, sunglasses and spectacles containing an audio visual display; wireless telecommunications modules in class 9. |

| 1,980,039 | | For: Protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories in class 9. |
|---|---|---|
| 1,990,262 | | For: Protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories in class 9. |
| 1,984,501 | | For: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories in class 9. |
| 3,151,994 | | For: Protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories in class 9. |

2. Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined in the United States from:

3

    a. using Plaintiffs' Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any unauthorized Covered Products;

    b. passing off or inducing others to pass off unauthorized Covered Products bearing Plaintiffs' Trademarks as produced by Plaintiffs or produced under the authorization, control or supervision of Plaintiffs;

    c. committing any acts calculated to cause consumers to falsely believe unauthorized Covered Products bearing Plaintiffs' Trademarks are sold under the authorization, control, or supervision of Plaintiffs; and

    d. manufacturing, shipping, delivering, or holding for sale unauthorized Covered Products which bear the Plaintiffs' Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof.

3. Pursuant to the parties' settlement agreement, Plaintiffs are awarded a consent judgment from Defendant in the amount of one million dollars ($1,000,000). Payment of the consent judgment shall be made in four (4) equal and quarterly installments of two hundred and fifty thousand dollars ($250,000) in 2018. The quarterly installment payments of the consent judgment are to be made on or before the following dates: March 31, 2018, June 30, 2018, September 30, 2018, and November 15, 2018. This consent judgment does not reflect any admission of willful conduct pursuant to 15 U.S.C. § 1117(c)(2), or any other admission of liability by Defendant.

4. This case is dismissed with prejudice. Each party shall bear its own attorneys' fees and costs.

STIPULATED AND AGREED TO:

Respectfully submitted this 2nd day of March 2018.

/s/ Justin R. Gaudio_____
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
kguynn@gbc.law
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law

*Counsel for Plaintiffs Luxottica Group S.p.A.
and Oakley, Inc.*

/s/ Lee Brand_____
John H. Scheid, Jr.
Pretzel & Stouffer, Chartered
One South Wacker Drive, Suite 2500
Chicago, IL 60606
(312) 346-1973
jscheid@pretzel-stouffer.com

Harrison J. Frahn IV (*pro hac vice*)
Lee Brand (*pro hac vice*)
Simpson Thacher & Bartlett LLP
2475 Hanover Street
Palo Alto, California 94304
(650) 251-5000
hfrahn@stblaw.com
lee.brand@stblaw.com

*Counsel for Defendant
Light In The Box Limited*

IT IS SO ORDERED.

Dated: March 6, 20182018

_____
U.S. District Court Judge Robert M. Dow, Jr.